FILED
10/08/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 27, 2019, at Knoxville

**ANTONIO L. FULLER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**Nos. 94-C-1472, 94-C-1486      Angelita Blackshear Dalton, Judge**

_____

**No. M2019-00340-CCA-R3-PC**

_____

The petitioner, Antonio L. Fuller, appeals the dismissal of his post-conviction petition, arguing the post-conviction court erred in dismissing the petition as time-barred. Following our review, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Antonio L. Fuller, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On November 10, 1994, the petitioner pleaded guilty to possession of twenty-six or more grams of cocaine and possession of less than five grams of hydromorphone. He received an effective sentence of eight years and was placed on community corrections for five years. No appeal was taken from the petitioner's convictions and sentence.

On January 4, 2019, the petitioner filed a pro se petition for post-conviction relief, arguing his plea was involuntary and unknowing because he was not advised of his right against self-incrimination. Additionally, the petitioner states these prior convictions were

used to sentence him as a Range II, multiple offender in 2001. The post-conviction court dismissed the petition with a written order finding the petition was time-barred and no exceptions were presented to toll the statute of limitations. This timely appeal followed.

*Analysis*

On appeal, the petitioner argues he is entitled to due process tolling of his post-conviction claims, alleging they were untimely due to attorney misconduct. He also argues his petition is timely because the judgment forms in this case do not have a "file-stamp" date. The State contends the post-conviction court properly dismissed the petition as untimely, and the petitioner has waived his claim that the petition is timely because the judgment forms are not file-stamped.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court" in which to file a petition for relief. Tenn. Code Ann. § 40-30-102(a). If no appeal is taken, the petition must be filed within one year of the date on which the judgment becomes final. *Id.* "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.* A trial court shall not have jurisdiction to consider a post-conviction petition after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case to which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b).

- 2 -

In addition, the Tennessee Supreme Court has held the statute of limitations for filing a post-conviction petition should be tolled in limited circumstances when "strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State,* 44 S.W.3d 464, 468 (Tenn. 2001) (citing *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992)). To determine whether the *Burford* rule applies in a given factual situation, the Tennessee Supreme Court set forth the following three-step process:

> (1) determine when the limitations period would normally have begun to run;
>
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and,
>
> (3) if the grounds are "later-arising," determine whether a strict application of the limitations period would effectively deprive the petitioner of a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 300 (Tenn. 1995).

Relying primarily on *Williams*, the petitioner claims trial counsel's alleged misrepresentation constitutes a violation of due process which should toll the statute of limitations. 44 S.W.3d at 464. Specifically, the petitioner contends trial counsel told him the post-conviction petition must be filed by trial counsel. In *Williams*, the court stated:

> [W]e are not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. Instead, the focus here is only upon trial and appellate counsel's alleged misrepresentation in failing to . . . notify the petitioner that no application for permission to appeal would be filed in [the Tennessee Supreme] Court.

*Id.* at 468 n.7. The court then remanded the case for an evidentiary hearing to determine "(1) whether due process tolled the statute of limitations so as to give [the petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether [the petitioner's] filing of the post-conviction petition . . . was within the reasonable opportunity afforded by the due process tolling." *Id.* at 471. The court was concerned "[the petitioner] might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel." *Id.* at 468. This Court, however, determined a hearing on due process concerns is not required every time

a petitioner alleges his petition is untimely due to trial or appellate counsel's negligence. *Craig Robert Nunn v. State*, No. M2005-01404-CCA-R3-PC, 2006 WL 680900, at *5 (Tenn. Crim. App. Mar. 17, 2006), *no perm. app. filed*.

In the present case, the petitioner attached to his brief a letter written to trial counsel in 1996, asking trial counsel to explain why he told the petitioner a post-conviction petition must be filed by trial counsel. However, we cannot consider the letter as it was not properly made a part of the record before this Court. *See State v. Matthews*, 805 S.W.2d 776, 783 (Tenn. Crim. App. 1990); Tenn. R. App. P. 24(e). "'When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal.'" *State v. Clayton*, 535 S.W.3d 829, 848 (Tenn. 2017) (quoting *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993)).

Additionally, even if we were to consider the letter as being properly before us, it is clear the petitioner knew of his post-conviction rights in 1996, but his petition for post-conviction relief was not filed until twenty-three years later. The petitioner does not provide any explanation for his lengthy delay in filing his post-conviction petition. *See Eric Wright v. State*, No. W2001-00386-CCA-R3-PC, 2001 WL 1690194, at *3 (Tenn. Crim. App. Dec. 17, 2001) (Tipton, P.J., dissenting) ("Absent any allegation to justify the petitioner's years of inaction, for example, counsel's continued assertion that the case was on appeal, an evidentiary hearing is unwarranted.").

Moreover, applying the test outlined in *Sands*, the petitioner's claim that the trial court failed to advise the petitioner of his right against self-incrimination at the guilty plea hearing was not "later-arising." *See Milburn L. Edwards v. State*, No. W2000-00043-CCA-R3-PC, 2001 WL 293008, at *4 (Tenn. Crim. App. Mar. 27, 2001), *perm. app. denied* (Tenn. Sept. 17, 2001) (affirming the summary dismissal of a post-conviction petition because the petitioner's claim that the trial court did not inform him of his right against self-incrimination was not "later-arising"). Based on the record before us, we conclude no facts exist which require a tolling of the statute of limitations for due process concerns. Accordingly, the order of the post-conviction court denying the petitioner's post-conviction petition as time-bared must be upheld.

Finally, the petitioner claims his petition should be considered timely because the judgment forms in this case do not have a "file-stamp" date. However, the petitioner failed to raise this issue in his post-conviction petition. Issues not raised in the post-conviction petition cannot be raised for the first time on appeal. Tenn. Code Ann. § 40-30-104(d); *Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived."). The petitioner has waived review of this issue.

## *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's order dismissing the post-conviction petition as time-barred.


_____
J. ROSS DYER, JUDGE